UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KCTS TELEVISION,

        Plaintiff,

v.

FEDERAL INSURANCE CO.,

        Defendant.

CASE NO.  C04-1466RSM

ORDER DENYING MOTION FOR RECONSIDERATION

       This matter comes before the Court on plaintiff's Motion for Reconsideration. (Dkt. #43).  Plaintiff asks this Court to reconsider its previous Orders granting defendant's motion to dismiss, and denying plaintiff's motion for summary judgment, wherein the Court determined that plaintiff's claim pertaining to the first Red Bull petition was not covered under its insurance policy because it did not constitute a Wrongful Act. (*See* Dkts. #39 and #40).  Plaintiff argues that, in so ruling, the Court committed manifest error by: (1) finding that the term "act" in the definition of "Wrongful Act" means a wrongful act; (2) characterizing the Petition for Cancellation as an action against the United States Patent and Trademark Office ("USPTO") for its erroneous grant of a trademark registration to plaintiff; (3) characterizing the allegations that plaintiff threatened Red Bull's own trademark registration as merely factual background; and (4) apparently holding that damages were required to be pled by Red Bull in the Petition for

ORDER DENYING MOTION FOR RECONSIDERATION
PAGE - 1

Cancellation to trigger coverage. (Dkt. #43 at 2).

Having reviewed plaintiff's motion (Dkt. #43), and the remainder of the record, this Court hereby finds and ORDERS:

(1) Plaintiff's Motion for Reconsideration (Dkt. #43) is DENIED. By local rule, motions for reconsideration are disfavored, and the Court will ordinarily deny such a motion in the absence of "a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." W.D. Wash. Local Rule CR 7(h). In its motion for reconsideration, plaintiff essentially reiterates the same facts and legal argument previously presented to this Court, while pointing out several "errors" in its analysis of those arguments. However, the Court reminds plaintiff that, in making its previous decision, the Court fully considered plaintiff's arguments, and examined the factual record presented on summary judgment. After conducting that analysis, the Court determined that Red Bull's first Petition for Cancellation did not constitute a "Wrongful Act" under the insurance policy. (*See* Dkt. #39).

Plaintiff asserts that the Court erroneously construed the term "act" to mean a wrongful act. That assertion is incorrect. In its Order granting defendant's motion to dismiss, the Court noted that a Wrongful Act had not occurred because Red Bull's Petition for Cancellation alleged no "act" by plaintiff as a basis for its request for cancellation. Rather, the basis of the Petition for Cancellation was that the USPTO had improperly granted the trademark because the term "OVER" is merely descriptive, and does not constitute trademark use. (Dkt. #39 at 7).

Plaintiff also asserts that its threatened opposition to Red Bull's registration of its own trademark was not "merely factual background" as the Court determined. This argument was raised by defendant in its motion to dismiss, plaintiff had the opportunity to address that argument, and the Court considered both parties' assertions prior to making its decision. Accordingly, the Court will not revisit that issue.

Plaintiff next asserts that the Court improperly characterized Red Bull's Petition for

Cancellation as an action against the USPTO. Again, that assertion is incorrect. In its Order, the Court plainly recognized that the action was against KCTS. (*See* Dkt. #39 at 2) (stating that "Red Bull GMBH filed a petition against plaintiff regarding its registration for the trademark "OVER"). However, the Court noted that as a basis for the petition, Red Bull alleged no improper act by plaintiff; rather, it argued that the USPTO had improperly granted a trademark when it should not have. (Dkt. #39 at 7).

Finally, plaintiff asserts that the Court committed manifest error because it apparently held that damages must be alleged to trigger coverage. The Court did not so hold. The Court simply made a factual notation that Red Bull did not request any damages from plaintiff in conjunction with its Petition for Cancellation. The Court made that notation in the context of discussing the basis of Red Bull's Petition for Cancellation.

For all of these reasons, the Court finds that plaintiff has presented no new facts or arguments that persuade the Court that it committed manifest error in making its decision. Accordingly, the Court declines to reconsider its previous Orders.

(2) The Clerk shall forward a copy of this Order to all counsel of record.

DATED this __25__ day of April, 2005.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER DENYING MOTION FOR RECONSIDERATION
PAGE - 3